IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

R.G. Zachrich Construction, Inc.,                 Case No. 3:07CV3251

       Plaintiff,

v.                                                                 ORDER

Local 1581, Ohio and Vicinity Regional
      Council of Carpenters,

       Defendant.

This case involves the alleged breach of a collective bargaining agreement [Agreement] between defendant Zachrich Construction [Construction] and plaintiff Local 1581, Ohio and Vicinity Regional Council of Carpenters [Union]. The Union claims that Construction breached the Agreement when it permitted Zachrich Leasing [Leasing], a company affiliated with Construction, to subcontract work covered by the Agreement. The gravamen of the Union's claim is that Leasing was Construction's alter ego, and thus was equally bound under the Agreement to comply with its terms.

Pursuant to the Agreement the parties submitted their dispute to arbitration. The arbitrators agreed with the Union, finding that Leasing was Construction's alter ego, and that Construction and Leasing had breached the Agreement. Construction brings this suit to vacate the arbitrators' award. Jurisdiction is proper under 28 U.S.C. § 1331.

Pending are cross-motions for summary judgment, in which Construction seeks to vacate and the Union seeks to enforce the award, and to do so not just against Construction, but against Leasing as well. [Docs. 24, 25].

For the reasons that follow, I uphold the award against Construction, but not against Leasing.

**Background**

On July 1, 2003, Construction and the Union signed the Agreement, which provides that Construction:

> will not recognize, deal with or enter into contractual or other relations, whether written or oral, with any other labor organization, agency, committee, group of employees or any employee or other person with respect to wages, hours, and all other terms or conditions of employment, other than employees covered by this contract.

[Doc. 1, Ex. A].

Additionally, if Consruction hires other employees, the Agreement provides that it may not:

> subcontract job site work to any Employer who does not have a collective bargaining relationship, at the time the work is to be performed, with a union affiliated with the Council covering such work, whose members receive the negotiated wage rates.

[*Id*.].

To opt-out of the Agreement, a party must give:

> written notice of desire to cancel or terminate the Agreement . . . at least [sixty] days prior to the aforementioned expiration date or at least [sixty] days prior to the annual expiration date of any subsequent year thereafter.

[*Id*.].

In case of "all" allegations of breach:

> the dispute, claim or grievance shall be referred by either party to the Joint Labor Relations Board of the parties to this contract within three (3) regular working days . . . . The Joint Labor Relations Board shall make such decisions as it deems just and proper under the Labor Agreement and after hearing any evidence adduced by any interested parties. The Joint Labor Relations Board shall make reasonable rules

2

and regulations for its own conduct. These rules and regulations shall be made available to all Employers and Unions. All majority decisions of the Joint Labor Relations Board are final and binding.

[*Id*.].

On January 25, 2007, Construction mailed the Union a letter informing the Union that it intended to terminate the Agreement.

On June 25, 2007, five days before the Agreement expired, the Union filed a grievance with the Joint Grievance Board [Board] claiming that Leasing, Construction's alleged alter-ego, had subcontracted concrete form work and pre-engineered building work for a fire station in Hicksville, Ohio, to non-signatory contractors. The grievance did not discuss whether the Board had authority to decide whether Construction and Leasing are alter-egos.

The Board determined that Leasing and Construction are alter-egos and, thus, it had jurisdiction over both and could hold both to the Agreement's terms. The Board further found that Leasing and Construction had violated the Agreement and ordered them to allow the Union to audit their subcontracting practices or, alternatively, pay a $50,000 fine. In its arbitration award, the Board did not address the underlying question of whether it had authority to determine if Construction and Leasing are alter-egos.

Neither Construction nor Leasing attended the arbitration hearing before the Board. Construction, however, submitted a letter challenging the grievance. The letter did not contest the Board's authority to decide whether it and Leasing are alter-egos.

On October 22, 2007, Construction filed a complaint in this court to vacate the Board's decision and award. On November 5, 2007, the Union filed a Third-Party Complaint against Leasing to enforce the award.

**Standard of Review**

A court cannot vacate an arbitration panel's award unless: 1) the arbitrator exceeded his authority by resolving a dispute not committed to arbitration; 2) the arbitrator committed fraud, had a conflict of interest, or otherwise acted dishonestly in issuing an award; or 3) the arbitrator arguably construed or applied the contract to resolve legal or factual disputes. *Mich. Family Res., Inc. v. SEIU Local 517M*, 475 F.3d 746, 753 (6th Cir. 2007) (citing *Major League Baseball Players Ass'n v. Garvey*, 532 U.S. 504, 509-510 (2001)).

"As a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Masco Corp. v. Zurich Am. Ins. Co.*, 382 F.3d 624, 627 (6th Cir. 2004) (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983)). Despite this strong presumption in arbitration's favor, "arbitration is a matter of contract between the parties, and one cannot be required to submit to arbitration a dispute which it has not agreed to submit to arbitration." *Simon v. Pfizer Inc.*, 398 F.3d 765, 775 (6th Cir. 2005) (quoting *United Steelworkers, Local No. 1617 v. Gen. Fireproofing Co.*, 464 F.2d 726, 729 (6th Cir. 1972)).

> When faced with a broad arbitration clause, such as one covering any dispute arising out of an agreement, a court should follow the presumption of arbitration and resolve doubts in favor of arbitration. Indeed, in such a case, only an express provision excluding a specific dispute, or the most forceful evidence of a purpose to exclude the claim from arbitration, will remove the dispute from consideration by the arbitrators.

*Solvay Pharms., Inc. v. Duramed Pharms., Inc.*, 442 F.3d 471, 482 n.10 (6th Cir. 2006) (internal punctuation and citations omitted).

**Discussion**

The parties dispute whether the Board overstepped its authority in determining that Construction and Leasing are alter-egos.

The Sixth Circuit has found that a broad arbitration clause, such as the clause in the Agreement in this case, requiring arbitration of all disputes, but not specifically addressing alter-ego allegations, evidences the parties' intent to submit alter-ego disputes to arbitration. *Bricklayers, Masons & Plasterers International Union v. Boyd G. Heminger, Inc.*, 483 F.2d 129, 130-32 (6th Cir. 1973) (finding that a clause requiring that "any disputes occurring during life of this Agreement in a peaceful manner . . . " included allegations that the employer had used an alter-ego in violation of the contract"); *see also United Food & Commer. Workers Union, Local 588 v. Morgan's Holiday Mkts., Inc.*, 202 F.3d 280,1999 WL 1048668, *1 (9th Cir. 1999) (Unpublished disposition) ("The arbitration clause contained in the CBA is a "broad" one and contains no exclusion of "alter-ego" disputes. Consequently, we have no difficulty agreeing with the district court that the alter ego dispute between the Union and [d]efendants comes within its scope."); *Bedroc Contr. L.L.C. v. Mason Tenders Dist. Union of Greater N.Y.*, 2006 WL 3057311, *3 (S.D.N.Y. 2006) ("The Agreement between Bedroc and Mason Tenders contains a broad arbitration clause . . . [a]nd, whether Seasons is an "Employer" or the alter ego of Bedroc is, relatedly, within the scope of the arbitration clause."). Thus, as to Construction, the Board had authority to determine whether Leasing was its alter ego.

A non-signatory, however, is not a party to an agreement. Thus, it has not manifested an intent to submit its disputes to or be bound by arbitration. When a non-signatory challenges an arbitration panel's jurisdiction, a court, rather than an arbitration panel, must independently determine whether the organizations are alter-egos. *See also Carpenters 46 N. Cal. Counties Conf. Bd. v. Zcon Builders*, 96 F.3d 410, 415 (9th Cir. 1996) (non-signatory not bound by finding that it and signatory were alter egos); *United Food & Commercial Workers Local 951 v. Mulder*, 31 F.3d 365, 371 (6th Cir. 1994) ("Because none of the three defendants signed an agreement to arbitrate

5

and to be bound by judgment of the court after arbitration, as is required for jurisdiction under the Federal Arbitration Act, the union's third justification for subject matter jurisdiction likewise fails.");

*Laborers' Int'l Union v. Foster Wheeler Corp.*, 868 F.2d 573, 574-77 (3rd Cir. 1989) (non-signatory could challenge an arbitration panel's decision that a signatory was its alter ego); *Service, Hospital, etc., Local No. 47, etc. v. Commercial Property Services, Inc.*, 755 F.2d 499, 506 (6th Cir. 1985) ("We therefore hold that a district court does not have subject matter jurisdiction over a non-signatory to a collective bargaining agreement, where no rights or duties of the non-signatory party are stated in the terms and conditions of the contract."); *Local Union No. 38, Sheet Metal Workers' Int'l Assn. v. A & M Heating, Air Conditioning, Ventilation & Sheet Metal*, 314 F.Supp.2d 332, 345 (S.D.N.Y. 2004) ("[A]n arbitrator may decide the alter ego issue only in a proceeding against a signatory employer and in that proceeding the union may seek damages only against the signatory employer, not the non-signatory alter-ego.").

Thus, while Construction, as a signatory, is bound by the finding that Leasing is its alter ego, Leasing, a non-signatory is not bound. The Board overstepped its jurisdiction when it applied its alter ego finding to Leasing, and I must, accordingly vacate that portion of the award. I uphold the award as to Construction.[1]

## Conclusion

---

[1]

The Union also argues that Construction and Leasing's failure to raise any defenses in a letter the former submitted to the Board before the hearing waived them. Whether a party has waived the right to contest an arbitration panel's authority depends on the degree of their participation in the arbitration process. *Pacesetter Constr. Co. v. Carpenters 46 N. Cal. Counties Conf. Bd.*, 116 F.3d 436, 440 (9th Cir. 1997) ("[A]n employer who arbitrated the issue of arbitrability under an expired collective bargaining contract, without reserving the question of arbitrability for initial decision by a court, consented to the jurisdiction of the arbitrator."). As the Union admits, Leasing did not participate in the grievance process. Accordingly, Leasing did not waive its right to challenge the Board's authority.

For the foregoing reasons, it is hereby

ORDERED THAT:

1. Plaintiff R.G. Zachrich Construction, Inc.'s motion for summary judgment regarding its claim to vacate the arbitration award shall be, and the same hereby is denied;

2. Defendant Local 1581, Ohio and Vicinity Regional Union of Carpenters' cross-motion for summary judgment regarding R.G. Zachrich Construction, Inc.'s claim against it shall be, and the same hereby is granted; and

3. Defendant Local 1581, Ohio and Vicinity Regional Union of Carpenters' motion for summary judgment regarding its counter-claim against R.G. Zachrich Construction, Inc. to enforce the arbitration award shall be, and the same hereby is granted; and

4. Defendant Local 1581, Ohio and Vicinity Regional Union of Carpenters motion for summary judgment regarding its claim against Zachrich Leasing, Inc. to enforce the arbitration award shall be, and the same hereby is denied.

5. A pretrial conference to schedule further proceedings on the alter-ego issue is set for July 2, 2008 at 2:30 p.m.

So ordered.

                                                      s/James G. Carr
                                                      James G. Carr
                                                      Chief Judge