**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

R.G. Zachrich Construction, Inc., et al.,          Case No. 3:07CV3251

      Plaintiff,

  v.                                                                 Order

Local 1581, Ohio and Vicinity
    Regional Council of Carpenters,

      Defendant,

This is a suit between an employer and union in which the employer sought to vacate, and the union sought to enforce an arbitration award. The arbitrators found in favor of the union and awarded a lump sum of $50,000 in the event that the employer did not comply with the union's demand for an audit.

I upheld the award. [Doc. 38]. Pending is the union's motion for an award of attorneys' fees. [Doc. 40]. For the reasons which follow, I grant the motion and award attorneys' fees as requested by the union.

The employer advances several arguments in opposition to the union's motion for an award of fees: 1) it has recently realized that two arbitration awards exist, both signed on the same date, each bearing the same signatory, though apparently signed by different persons; 2) the panel did not, in fact, award legal fees; 3) such award is not permitted under the collective bargaining agreement; and 4) fee awards are not permitted in § 301 actions under the LMRA.

The union contends that I have already decided whether to award fees. On review of my prior orders, I find no specific ruling entitling the union to an award of fees. Though the parties may have argued that issue, I have not decided it, either expressly or *sub silentio*.

**Discussion**

I agree with the union that Article XVIII of the collective bargaining agreement between it and the employer authorizes payment by the employer of "reasonable legal fees and costs incurred by the Union," and that the provision applies in this case.

Though a signatory to the collective bargaining agreement, plaintiff Zachrich Construction Company tried to avoid its obligations by working through an alter ego subsidiary, Zachrich Leasing Company. I concluded that Zachrich Construction, as a signatory, could be bound by the failure of its alter ego to abide by the collective bargaining agreement.

Because the collective bargaining agreement provides for an award of fees where the union has prevailed, anything in the LMRA that might preclude such award absent such provision is immaterial and irrelevant.

Turning to the contentions about the arbitrators' actions, I agree, first, with the union that the employer's complaints about inconsistencies between two versions of the arbitrators' award come way, way too late to be heard. The employer, not having been attentive to what was before it, cannot be heard now to complain that *I* was not attentive enough.

Had someone played "hidden ball" or some shell game, that would be something different. But that's not what happened here. Instead, differences in documents in the hands of counsel and before the court were not called to my attention before I reached my decision. Now that I have made my ruling on what *was* called to my attention, it is too late to say that I should have been looking at something else while doing the work the parties were asking me to do.

Finally, the employer argues that the arbitrators' award did not include the union's attorneys' fees and costs. This is so, the employer asserts, because the arbitrators wrote that they awarded "to

the Union any and all cost [*sic*] of the audit legal fees and any other cost [*sic*] incurred with the enforcement of the finding against" the employer.

Because there is no comma between "audit" and "legal fees" the employer claims that only legal fees associated with an audit which never occurred were recoverable against it.

That argument makes no sense in light of the arbitrators' awareness of the employer's likely refusal to submit to an audit – an awareness manifest in their anticipatory award of $50,000 in the event that the employer refused to permit the audit. Given that awareness and sanction, the arbitrators hardly would have limited any award of attorneys' fees to fees that might have been incurred during the audit.

Indeed, the employer itself acknowledges that normally no legal fees would arise in the course of an audit. That makes a literal reading of the comma-less language even less sensible.

The missing comma in a sentence that otherwise was inartfully drafted – twice referring to "cost," rather than "costs" – is not a basis for denying the union the fees to which it is entitled under the collective bargaining agreement.

That leaves the issue of the amount of fees.

The hourly rate requested – $285 during 2007 and $305 during 2008 – is entirely reasonable, given the skill, experience, expertise and standing of the union's attorney. His work is known to this Court from this and other cases, and his reputation in the Northern District of Ohio is of the very highest. This was and is, as the briefs relating to the pending fee motion attest, a challenging, demanding and vigorously fought case, and one which clearly called for application of the skill and experience exhibited by the union's counsel.

Counsel has provided a supplemental and detailed statement of the hours expended in this case. I have reviewed that statement closely and find that the time expended was reasonable and necessary to accomplish the favorable result achieved by union counsel.

Indeed, I find, in light of my experience with other cases involving fee petitions, that the time expended in this case was lean to the point of being sparse. There is simply no basis for contending, much less finding, that the hours expended were not entirely reasonable and necessary.

Accordingly, I find on the basis of my review of the motion in light of the applicable lodestar factors that the union is entitled to an award of attorneys' fees in the amount of $15,856.50.

Because my underlying ruling in its favor is on appeal, I shall, however, stay enforcement of the award pending the outcome of the appeal. If that outcome is favorable to the union, I will entertain a further motion for an award of fees for services rendered on appeal.

It is, therefore

ORDERED THAT;

1. The defendant's motion for an award of attorneys' fees [Doc. 40] be, and the same hereby is granted; judgment shall enter in favor of the defendant and against the plaintiff in the amount of $15,856.50;

2. Execution on said judgment shall be, and hereby is stayed pending adjudication of plaintiff's appeal.

So ordered.

/s/ James G. Carr
Chief Judge